Workmen's compensation. The plaintiff is the widow of John H. Jung, who was accidentally injured on October 25, 1939, under such circumstances as to entitle him to the benefits of the Workmen's Compensation Law. Such benefits were paid to John H. Jung during his lifetime and until October 7, 1940, when he died. His death resulted from injuries which he sustained when he threw himself from a window in the hospital. The commission, among other things, found:
"That as a result of his injury and the resulting pain deceased developed a post-traumatic neurosis, a mixed type of neurasthenia and anxiety, which caused him to become obsessed with the idea that suicide was the only solution for his difficulty; that for some time prior to the time of his death deceased had planned to commit suicide, and did so commit suicide on October 7, 1940, by jumping out of the window *Page 180 
of the hospital in which he was confined; that John H. Jung in all probability would not have committed suicide on October 7, 1940, had it not been for the injury and the conditions, both mental and physical, which resulted by reason thereof; that decedent had rational knowledge of the consequences of his act and acted with conscious volition to produce his death; that suicide was the result of the action of a moderately intelligent mental power, which knowledge of the purpose and effect of his act, but that decedent, upon said occasion, was dominated by a disturbance of his mind directly caused by his injury and its consequences; that suicide did not result from insanity of such violence as to cause the decedent to produce death in a delirium or frenzy without conscious volition, nor while suffering such pain as to rob the deceased of his reason; that decedent was capable of appreciating the consequences of his act but was incapable of resisting the emotional impetus toward suicide resulting from the mental condition caused by his injury; that decedent's suicide was intentionally self-inflicted; that his act in committing suicide was an intervening cause for death, and that suicide and death did not proximately result because of his injury."
This action was begun by plaintiff to review the action of the Industrial Commission. From the judgment of the circuit court confirming the determination of the Industrial Commission, the plaintiff appeals.
This case is not distinguishable from the case of Barber v. Industrial Comm. 241 Wis. 462,6 N.W.2d 199, and is ruled by the decision in that case.
By the Court. — Judgment affirmed.
BARLOW, J., took no part.
FOWLER and FRITZ, JJ., dissent. *Page 181